IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK RANNEY,

    Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

8:18CV59

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Mark Ranney's motion for reconsideration, Filing No. 70, of this Court's order, Filing No. 68, granting the defendant Union Pacific Railroad Company's ("the Railroad") motion to strike the plaintiff's claim for breach of the Locomotive Inspection Act ("LIA"), 45 U.S.C. § 20701 *et seq.*, Filing No. 60.

I.     BACKGROUND

The plaintiff had not responded to the plaintiff's motion to strike the plaintiff's LIA claim at the time the Court entered its earlier order. *See* Filing No. 68, Memorandum and Order at 1. He now contends that he should have been granted leave to respond, and submits a response arguing that a violation of the LIA should remain a controverted fact in the pretrial order. Filing No. 71, Plaintiffs Brief at 3. The Railroad states that it has no objection to the Court's consideration of the filings submitted in connection with this motion as a response to the earlier motion to strike. Filing No. 72, Defendant's Response Brief at 1. The Railroad nonetheless argues, in reliance on *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that the Court should stand by its earlier ruling because the plaintiff fails to state a claim for relief under the LIA in his Complaint. *Id.*

1

In support of its motion, the plaintiff argues that he cites the LIA in his Complaint and alleges that "while riding in locomotives, Plaintiff was exposed to diesel fuel/exhaust and benzene from the locomotive's exhausts." See Filing No. 1, Complaint at 2. He argues that those allegations amount to a short and plain statement that the LIA was violated and the allegations are sufficient to create a reasonable expectation that discovery will reveal evidence of a claim under the LIA. Filing No. 71. Plaintiff's Brief at 4-6. Further, the plaintiff points out that in response to defendant's Interrogatory No. 4(a) (asking whether the plaintiff contends the defendant violated a standard, regulation, guideline, law ordinance or statute), the plaintiff answered as follows:

> (a) The Defendant was in general violation of the FELA by not providing the Plaintiff with a safe place in which to work. Specifically, the railroad was in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train." And of 49 CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

Filing No. 61-2, Plaintiff's Answers to Defendant's Interrogatories at 3-4. The plaintiff also states he has no objection to the defendant producing a supplemental report by its industrial hygienist, Larry Liukonen, and seeks an opportunity to depose that expert on the contents of any additional report.[1]  Filing No. 71, Plaintiff's Brief at 7.

---

[1] In its motion to strike, the Railroad stated that if plaintiff were allowed to include the LIA claim, it would seek leave to submit expert evidence out of time and informed the Court that its industrial hygiene expert, Larry Liukonen, had prepared a supplemental report which would be provided to the plaintiff. Filing No. 60, Motion to Strike at 13.

II. LAW

The "LIA is an amendment to FELA and the two statutes are to be construed together." *Straub v. Burlington N. Santa Fe Ry.*, 909 F.3d 1280, 1283 (10th Cir. 2018). LIA does not create a private right of action. *Id.* at 1284; *see also Urie v. Thompson*, 337 U.S. 163, 188 (1949). "A railroad employee injured due to a LIA violation brings an action through FELA; a LIA violation substitutes for 'negligence' in [the FELA,] 45 U.S.C. § 51 and creates strict liability." *Straub*, 909 F.3d at 1283; *see also Urie*, 337 U.S. at 188–89 (characterizing LIA as a supplement to FELA, which "dispense[s], for the purposes of employees' suits, with the necessity of proving that violations of the safety statutes constitute negligence; and mak[es] proof of such violations . . . effective to show negligence as a matter of law"). A railroad carrier can violate LIA either by (1) breaching the broad statutory duty to keep all parts and appurtenances of its locomotives in proper condition and safe to operate without unnecessary danger of personal injury (the general statutory duty) or (2) failing to comply with regulations issued by the Federal Railroad Administration ("FRA") (a specific regulatory duty). *Straub*, 909 F.3d at 1283; *see also Lilly v. Grand Trunk W.R.R. Co.*, 317 U.S. 481, 485 (1943).

The LIA, 49 U.S.C. § 20701(1), "does not create a right to sue but merely establishes a safety standard, the failure to comply with that standard is negligence *per se* under the FELA." *Coffey v. Ne. Ill. Reg'l Commuter R. Corp. (METRA)*, 479 F.3d 472, 477 (7th Cir. 2007); *see also Herold v. Burlington N., Inc.*, 761 F.2d 1241, 1246 (8th Cir. 1985). The FRA promulgated regulations governing "minimum Federal safety standards for all locomotives except those propelled by steam power" in 45 C.F.R. Part 229 under the authority of the LIA. *See* 49 U.S.C. § 229.1 *et seq.* It remains incumbent on a plaintiff to "prove a causal relation between a violation and the injury for which he is suing, but

3

there he gets the benefit of the 'in whole or in part' language of the FELA." *Coffey v. Ne. Illinois Reg'l Commuter R.R. Corp. (METRA)*, 479 F.3d 472, 477 (7th Cir. 2007)

III. DISCUSSION

The Court has considered the parties' positions and finds that the LIA does not provide the plaintiff with a freestanding claim for relief. That is not to say, however, that the LIA is not relevant to the case. On reconsideration, the Court finds that the issue of violation of the LIA should remain a controverted fact in the pretrial order.

The Court finds that consideration of *Iqbal* and *Twombly* is of little use at this stage of the litigation. In discovery, the defendant was made aware of contentions that the Railroad violated specific regulations. The allegations of the complaint should be read in the context of that discovery. "The final pretrial order 'supersedes all previous pleadings and controls the subsequent course of action unless modified by a subsequent order.'" *Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 830 (8th Cir. 2019) (quoting *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004)). The Railroad has not shown, by virtue of surprise or otherwise, that it is not appropriate to include the LIA as a controverted issue in this litigation.

The record shows that the LIA violations should be included in the pretrial order as controverted facts. Negligence under the FELA and strict liability under the LIA are alternative theories of recovery, not separate claims. Whether the plaintiff will be entitled to submit either or both theories to the jury will depend on the proof adduced at trial. In light of the fact that a party can waive a claim of defense by failing to raise it at the pretrial conference or include it in the pretrial order, the Railroad has not shown that the plaintiff abandoned the issue or that LIA issues do not remain in the case. See *Klingenberg*, 936 F.3d at 831. The Court is inclined to think that the LIA issue should not have come as a

4

surprise to the Railroad in light of the proceedings in this and other cases involving similar claims. However, assuming that it did, any prejudice to the defendant can be obviated by reopening discovery.

Accordingly, the Court finds the plaintiff's motion for reconsideration should be granted and the Court's earlier ruling on the defendant's motion to strike should be vacated. To the extent this order prompts a need for further discovery on the LIA issue, the Court will reopen discovery limited to the production of a supplemental expert report and a deposition in connection with that report, if necessary. Because the trial has been rescheduled to March 2021, there is ample time to complete that additional discovery without delaying the progression of this case. Allowing limited further discovery lessens any potential prejudice to the defendant. Other case deadlines remain in force.

IT IS ORDERED:

1. The plaintiff's motion for reconsideration (Filing No. 70) is granted.

2. The Court's earlier Memorandum and Order (Filing No. 68) is vacated as to portions addressing the defendant's motion to strike.

3. The defendant's motion to strike (Filing No. 60) the Locomotive Inspection Act as a controverted issue in the pretrial order (Filing No. 59) is denied.

4. The defendant is granted leave to produce a supplemental expert report out of time and discovery is reopened for the limited purpose set forth above.

Dated this 12th day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge